IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES TYRONE SMITH,**

**Plaintiff,**

**v.**                                                          **Civil Action No. 1:16cv226**
**(Judge Keeley)**

**Jane or John Doe, HSA FCI Hazelton**
**Director; JAMES NOLTE, HSA- FCI**
**Hazelton, Supervisor of Health Services;**
**DOE KOCH, Ass't Commander-HAS Assist.**
**Supervisor of Health Services; FCI Hazelton**
**Dental COL JOHN DOE, Supervisor of Dental,**

**Defendants.**

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### I. Procedural Background

Plaintiff initiated this pro se case on November 28, 2016, by filing a civil rights complaint

against a number of defendants concerning his medical care at FCI Hazelton. ECF No.1.

Plaintiff brings suit against Defendants in their individual capacities pursuant to Bivens v. Six

Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Although Plaintiff filed a

Motion/Application to Proceed in forma pauperis ("IFP") [ECF No. 5] on December 7, 2016, he

paid the $400 filing fee on December 15, 2016. ECF No. 7. Therefore, his Motion to Proceed IFP

was denied as moot. ECF No. 8. On February 15, 2017, the undersigned entered an order

regarding preliminary review and service, and summonses were issued to the Plaintiff for

service.[1] ECF No. 9. On April 27, 2017, Defendants filed a Motion to Dismiss or, in the

---

[1] The undersigned notes that after the summonses were mailed to the Plaintiff, he altered Col John Doe to S. Dubois and Jane/John Doe, HAS Director to B. Friend. In addition, the Plaintiff served the individual defendants by certified mail. However, the Defendants have not raised improper service as a defense.

1

alternative, for Summary Judgment. ECF No. 14. A Roseboro Notice was issued on April 28, 2017. ECF No. On May 30, 2017, Plaintiff filed a Motion to Hold Case in Abeyance[2]. ECF No. 18. The Motion was denied on June 12, 2017, but he was afforded an additional 30 days to respond to Defendants' Motion. ECF No. 19. To date, he has filed no response.

## II. The Complaint

The Plaintiff's complaint raises allegations of deliberate indifference to various medical needs. More specifically, the Plaintiff alleges that he was not provided medical shoes, arches and was denied a consultation with a podiatrist. ECF No. 1 at 7. The Plaintiff further alleges he was denied dental implants despite the fact that his dentures were inadequate to properly chew and digest foods.  Id. at 8. Finally, the Plaintiff alleges that he was not provided any eye examination or eye glasses and his vision was getting worse. Id. As a result, the Plaintiff alleges that he has endured foot pain, problems walking, calluses and corns from lack of proper foot ware. Id. at 9. In addition, he alleges that his vision is hampered making it hard to read, concentrate and causes headaches. Id.  For relief, the Plaintiff is seeking monetary damages "in an amount over one million dollars" and an order compelling FCI Hazelton and the Department of Justice to provide him with soft medical shoes or boots and arches, implants for both his upper and lower teeth, and eyeglasses with transition lenses. Id.

## III. The Defendants' Motion

In support of their Motion to Dismiss or, in the alternative, for summary judgment, the Defendants argue that:

---

[2] As discussed in the body of this Report and Recommendation, Defendants raised the affirmative defense of failure to exhaust administrative grievances with respect to Plaintiff's claims regarding eye care and dental care. Plaintiff was seeking a stay to afford him the opportunity to exhaust his administrative grievances regarding those claims.

1. The Plaintiff failed to exhaust his administrative remedies with respect to his complaints about eye care and dental care, and therefore, those claims must be dismissed. ECF No. 13-1 at 2-3.

2.  As Public Health Service Employees, Defendants Timothy Koch, Scott DuBois, and James Nolte are entitled to absolute immunity and must be dismissed from the lawsuit. Id. at 3-4.

3. The Plaintiff's claims against Associate Warden Glenn Fries and Health Services Administrator Brett Friend should be dismissed because neither had any personal involvement in the Plaintiff's medical care. Id. at 4-5.

4. The Plaintiff cannot show that the individual Defendants acted with deliberate indifference as required to sustain a Bivens claim under the Eighth Amendment. Id. at 6-8.

5.  The individual Defendants are entitled to qualified immunity because they did not commit any constitutional violations. Id. at 8-11.

## IV.    Standard of Review

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs., 882 F.2d 870 (4th Cir. 1989). Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss a plaintiff must state a plausible claim in his complaint that is based on cognizant legal authority and includes more than conclusory or speculative factual allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.; see also Nemet Chevrolet, Ltd. v. Comsumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id.

Whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 (providing general rules of pleading), Fed. R. Civ. P. 9 (providing rules for pleading special matters), Fed. R. Civ. P. 10 (specifying pleading form), Fed. R. Civ. P. 11 (requiring the signing of a pleading and stating its significance), and Fed. R. Civ. P. 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). See Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

Plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Haines, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Id. at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th

Cir. 1999). However, a court may not construct the plaintiff's legal arguments for her. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274 (4th Cir. 1985). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co</u>., 267 F.3d 30 (1st Cir. 2001)(cited with approval in <u>Witthohn v. Federal Ins. Co</u>., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." <u>Katyle v. Penn Nat'l Gaming, Inc</u>., 637 F.3d 462 (4th Cir. 2011).

## B. <u>Motion for Summary Judgment</u>

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine

issues of fact. <u>Celotex</u>, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita</u>, 475 U.S. at 586. The nonmoving party must present specific facts showing the existence of a genuine issue for trial.  <u>Id.</u>  This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, 475 U.S. at 587.

<u>**V. Analysis**</u>

**1)  <u>Defendants Friss and Friend</u>**

Plaintiff's complaint makes no allegation against Defendant Friss, who is associate warden or Friend, who is the health services administrative. In fact, other than naming that in the style of the case, the Plaintiff never refers to them again in his complaint.

Liability in a <u>Bivens</u> action is "personal, based upon each defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, in order to establish liability in a <u>Bivens</u> case, a plaintiff must specify the acts taken by the defendant which violate his constitutional rights.  <u>See</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663 (3rd Cir. 1988).  Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown.  <u>See</u> <u>Zeitler v. Wainwright</u>, 802 F.2d 391, 401 (11th Cir. 1986).  *Respondeat*

6

*superior* cannot form the basis of a claim for a violation of a constitutional right in a <u>Bivens</u> case. <u>Rizzo v. Good</u>, 423 U.S. 362 (1976).

As a preliminary matter, the Fourth Circuit has held that non-medical supervisory personnel, like a warden, may rely on the opinion of medical staff regarding the proper medical treatment of inmates.  <u>See</u> <u>Miltier</u>, *supra* at 855. Accordingly, here, Friss, as the associate warden of FCI Hazelton, did not and should not substitute his own medical judgment for that of medical professionals.

Moreover, the Plaintiff has made no claim that either Defendant Friss or Friend was personally involved in the violation of his constitutional rights.  Instead, it appears that the plaintiff names them in their official capacities as the assistant warden and health services administrator. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (citation and quotations omitted).  Nonetheless, in <u>Miltier</u>, 896 F.2d at 854, the Fourth Circuit recognized that supervisory defendants may be liable in a <u>Bivens</u> action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations."  In so finding, the Court recognized that [s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." <u>Id.</u> However, a plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. <u>Id.</u>  Rather, the plaintiff must show that a supervisor's

corrective inaction amounts to deliberate indifference or tacit authorization of the offensive

practice. Id.  This plaintiff has not done.  Accordingly, Defends Friss and Friend should be

dismissed for failure to state a claim upon which relief can be granted.

**2) Defendants Koch, DuBois and Nolte**
   **Public Health Service Immunity**

Defendants Koch, DuBois and Nolte contend that they should be dismissed from this

action because as Public Health Service officers respectively, they are immune from liability in a

Bivens suit.  In support of this, they attach a copy of a sworn Declaration of Franceen Fletch,

Human Resource Specialist, Mid-Atlantic Regional Office, attesting to the same.  ECF No. 13-3

at 2.

Constitutional claims against federal employees in their individual capacities are subject

to the limitations of judicial authority.  In Carlson v. Green, 446 U.S. 14 (1980), the Supreme

Court found two instances in which a Bivens action cannot be maintained.  First, when there are

"special factors counseling hesitation in the absence of affirmative action by Congress."  Carlson

at 18.  Second, when "Congress has provided an alternative remedy which is explicitly declared

to be a substitute for recovery directly under the Constitution and viewed as equally effective."

Id. at 18-19 (emphasis in original).

With regard to Public Health Officers, Congress has explicitly stated that the exclusive

remedy for personal injury resulting from the medical decision of a commissioned officer of the

Public Health Service while acting within the scope of his employment is against the United

States under the FTCA.  See 42 U.S.C. §233(a) ("The remedy against the United States provided

by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States

where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for

damage for personal injury, including death, resulting from the performance of medical, surgical,

dental or related function . . . by any commissioned officer of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.).  Therefore, the exclusive remedy for claims against Public Health Officers, acting within the scope of his or her office or employment, is a claim under the FTCA and cannot be maintained under Bivens.

In this case, the undisputed evidence shows that Defendants DuBois, Nolte and Koch are each commissioned as a Public Health Service Officer by the United States Public Health Service, and are assigned to the Bureau of Prisons, they are immune from personal liability in this case.  Accordingly, the undersigned recommends that DuBois, Nolte and Koch be dismissed from this action because they are immune from liability in a Bivens action.

## 3. Exhaustion of Administrative Grievances

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  Exhaustion as provided in § 1997e(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available.  Booth, at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *See* Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

---

[3] Id.

Moreover, in <u>Woodford v. Ngo</u>, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."  Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion."  <u>Woodford</u>, at 92-94 (emphasis added).  Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system.  <u>Id</u>. at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).   See 28 C.F.R. § 542.10, et seq.  If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[4]  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R. § 542.10-542.15; <u>Gibbs v. Bureau of Prison Office, FCI</u>, 986 F.Supp. 941, 943 (D.Md. 1997).

In  the  instant  case,  the  evidence  establishes  that  the  Plaintiff  only  exhausted  his

---

[4] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received.  Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals.  If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

administrative grievances regarding his foot problems and his request for proper foot-ware. He has not submitted, let alone exhausted, any remedies regarding his eye care and dental care. ECF No. 13-2.

Notwithstanding the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances.  See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997(e)(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request.  Indeed, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Furthermore, a number of courts of appeals have held that prison officials' threats of violence can render administrative remedies unavailable.  See, e.g., Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004).  But see Larkin v. Galloway, 266 F.3d 718, 723-24 (7th Cir. 2001) (failure to exhaust not excused because plaintiff was afraid of retaliation).  For threats or intimidation to render administrative remedies unavailable, they must typically be substantial

and serious enough that they would deter a similarly situated prisoner of ordinary fitness from

pursuing administrative remedies.  See Turner, 541 F.3d at 1085; Kaba, 458 F.3d at 684-86;

Hemphill, 380 F.3d at 688.

Here, the Plaintiff has made no claim that prison officials prevented him from exhausting

his administrative remedies. Nor, does he make any claim that prison officials threatened him

with violence to discourage him from filing grievances. Accordingly, because the Plaintiff has

failed to exhaust his claims regarding eye and dental care, those claims must be dismissed.

**4. Foot Problems and Soft Shoe**

In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth

Amendment to the Constitution "imposes duties on [prison] officials who must provide humane

conditions of confinement; prison officials must ensure that inmates receive adequate food,

clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of

the inmates.'" The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and

even harsh.'" Id. at 833.

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff

must show that the defendant acted with deliberate indifference to his serious medical needs.  Estelle

v. Gamble, 429 U.S. 97, 104 (1976).  To succeed on an Eighth Amendment cruel and unusual

punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need

was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently

culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating

treatment or that is so obvious that even a lay person would recognize the need for a doctor's

attention.  Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990),

cert. denied, 500 U.S. 956 (1991).  A medical condition is also serious if a delay in treatment

causes a life-long handicap or permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro,

834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).[5]

The subjective component of a cruel and unusual punishment claim is satisfied by showing

that the prison official acted with deliberate indifference.  Wilson, 501 U.S. at 303.  A finding of

deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, *supra* at

835.  A prison official "must both be aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  A prison

official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk

to which the fact gave rise was insubstantial or nonexistent."  Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a

serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate,

---

[5] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kansas 1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). Arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997). A pituitary tumor is a serious medical condition. Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998). A plate attached to the ankle, causing excruciating pain and difficulty walking and requiring surgery to correct it is a serious medical condition. Clinkscales v. Pamlico Correctional Facility Med. Dep't., 2000 U.S. App. LEXIS 29565 (4th Cir. 2000). A tooth cavity can be a serious medical condition, not because cavities are always painful or otherwise dangerous, but because a cavity that is not treated will probably become so. Harrison v. Barkley, 219 F.3d 132, 137 (2nd Cir. 2000). A prisoner's unresolved dental condition, which caused him great pain, difficulty in eating, and deterioration of the health of his other teeth, was held to be sufficiently serious to meet the Estelle standard. Chance v. Armstrong, 143 F.3d 698, 702 - 703 (2nd Cir. 1998). A degenerative hip a serious condition. Hathaway v. Coughlin, 37 F.3d 63, 67 (2nd Cir. 1994). Under the proper circumstances, a ventral hernia might be recognized as serious. Webb v. Hamidullah, 281 Fed. Appx. 159 (4th Cir. 2008). A twenty-two hour delay in providing treatment for inmate's broken arm was a serious medical need. Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978).

or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist.  Wright v. Collins, 766 F.2d 841,  849 (4th Cir. 1985). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable to the inmate." Bowring v. Godwin, 551 F.2d 44, 47- 48 (4th Cir. 1977). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

In the instant case, the Plaintiff cannot demonstrate deliberate indifference because he cannot satisfy the objective prong that he is suffering from a serious medical need. Again, a "'serious …medical need'" is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008), (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).  The one claim which the Plaintiff has exhausted is his foot problem and the need for a soft shoe. However, this medical need does not rise to the level of a serious medical need as defined under the law.

The Plaintiff states that he has corns and calluses on his feet, problems walking and foot pain. However, other courts had held that foot callouses or other foot problems do not rise to the

level of a serious medical need see e.g.. Cole v. Scully, 93 Civ. 2066, 1995 WL 231250 (S.D.

N.Y. 1995), aff'd without op., 89 F.3d 826 (2d Cir. 1995); Brown v. DeFrank, 06 Civ. 2235.

2006 WL 3313821 (S.D. N.Y. Nov. 15, 2006) (holding that prisoner complaints about bunions or

other foot problems do not establish the objective prong of the deliberate indifference standard);

Bennett v. Hunter, 02-cv-1365 (N.D. N.Y. March 31, 2006) (Report-Recommendation) (citations

omitted), adopted, (N.D.N.Y. May 1, 2006). See also Grear v. Gelabert, M.D., 2009 WL 607407,

*5 (W.D. Mich. Mar. 9, 2009); Williams v. Giorla, 2013 WL 3982348, *11 (E.D. Pa. Aug. 2,

2013).

      Moreover, even if the Plaintiff's foot pain were sufficiently serious, he cannot meet the

subjective prong of deliberate indifference, which requires that the prison official must have

known of and disregarded the inmate's serious medical need. In the instant case, following the

Plaintiff's foot complaints, he was given an x-ray on February 29, 2016, which showed some

mild degenerative joint disease. The Plaintiff was then issued a soft shoe pass, permitting him to

wear tennis shoes instead of boots. ECF No. 13-4. However, the x-ray findings were insufficient

to warrant referral to a podiatrist. Id. Accordingly, at best, the Plaintiff demonstrates that he

disagrees with the course of treatment prescribed by medical staff at FCI Gilmer.  However, a

mere disagreement between an inmate and the prison's medical staff as to the inmate's diagnosis

or course of treatment does not support a claim of cruel and unusual punishment unless

exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). The

Plaintiff does not allege any exceptional circumstances, nor do any appear to exist.  Accordingly,

the Plaintiff has failed to state a claim regarding his feet.

## **VI. Recommendation**

      Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the

Government's Motion to Dismiss or, in the alternative, for Summary Judgment [ECF No. 13] be **GRANTED**, and the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted against the named Defendants and with respect to his claim regarding his feet and be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies with respect to his claims regarding his eyes and teeth.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those  portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States  District Judge. Failure to timely file objections to this recommendation will result in waiver of the right  to  appeal  from  a  judgment  of this  Court  based  upon  such  recommendation. 28  U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to  the  *pro  se*  plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means. In addition, because this Report and Recommendation completes the referral  from the District Court, the Clerk is **DIRECTED** to terminate the  Magistrate Judge Association with this case.

DATED: November 8, 2017.

*/s Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE